# Register of Actions

## Case No. C-0863-21-J

**Jorge Garcia VS. Liberty Life Assurance Company of Boston** § § § § §

| | |
|---|---|
| Case Type: | **Contract - Consumer/Commercial/Debt (OCA)** |
| Date Filed: | **03/05/2021** |
| Location: | **430th District Court** |

### Party Information

| | | Attorneys |
|---|---|---|
| **Defendant** | **Liberty Life Assurance Company of Boston** | |
| **Plaintiff** | **Garcia, Jorge** | **TIMOTHY AUDREY DAVIS**<br>*Retained*<br>956-664-2000(W) |

### Events & Orders of the Court

| | | | |
|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | |
| 03/05/2021 | **Original Petition (OCA)** | | |
| 03/05/2021 | **Citation** | | |
| | Liberty Life Assurance Company of Boston | Served<br>Returned | 03/10/2021<br>03/16/2021 |
| 03/05/2021 | **Citation Issued** | | |

### Financial Information

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Garcia, Jorge | | | |
| | Total Financial Assessment | | | 320.00 |
| | Total Payments and Credits | | | 320.00 |
| | **Balance Due as of 03/30/2021** | | | **0.00** |
| 03/05/2021 | Transaction Assessment | | | 320.00 |
| 03/05/2021 | EFile Payments from TexFile | Receipt # DC-2021-003213 | Garcia, Jorge | (320.00) |

EXHIBIT

A-1

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. **C-0863-21-J**

| | | |
|---|---|---|
| JORGE GARCIA,<br>Plaintiff | § | IN THE DISTRICT COURT |
| VS. | § | OF |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br>Defendant | § | HIDALGO COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JORGE GARCIA, hereinafter Plaintiff, and files this, Plaintiff's Original Petition complaining of LIBERTY LIFE ASSURANCE COMPANY OF BOSTON hereinafter referred to by name or as "Defendant" and for cause would show unto the court and the jury the following:

## I. Discovery Control Plan

Plaintiff alleges that this suit should be governed by Level 2 of the Discovery Control Plan as required under Rule 190.1, Texas Rules of Civil Procedure. Plaintiff seeks the recovery of damages in an amount greater than $250,000.

## II. Parties

Plaintiff is and individual and resident of the State of Texas and Hidalgo County, Texas.

Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON is a foreign insurance company licensed to do business in the state of Texas and may be served with citation and petition by serving its designated attorney for service of process:

**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701-3218**



EXHIBIT
A-2

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



## III. Jurisdiction and Venue

The relief and damages as set forth in this petition are within the jurisdictional limits of this Court.

Venue is proper in Hidalgo County, Texas in that all or a substantial part of the acts and/or omissions giving rise to this claim occurred in Hidalgo County, Texas and Hidalgo County, Texas is the county of residence of the victims.

All conditions precedent for bringing this lawsuit have been performed, waived or have occurred.

## IV. Factual Background

A. Plaintiff is the owner of a group disability insurance policy issued by Defendant. The policy provides for both short-term and long-term disability coverage. At all times relevant, Plaintiff was employed and Plaintiff purchased the subject disability policy through his employer at the time, **Charter Communications, Inc**. The Policy Number was **GD/GF3-840-444809-01**.

B. In August 2019 Plaintiff suffered major injuries as a result of an automobile-pedestrian accident that occurred in California. Since that time Plaintiff has been unable to work and his treating physicians have determined that Plaintiff is no longer able to work.

C. Shortly thereafter Plaintiff began the process of filing a claim under the referenced disability policy made the basis of this lawsuit. Plaintiff has completed every form and questionnaire requested by Defendant, has provided all medical records and physician statements requested by Defendant. Nevertheless, Defendant in July 2020 denied Plaintiff's claim for benefits continuing benefits under the long-term disability portion of the policy. Plaintiff made all premium payments required under the policy and has complied with all the requirements for obtaining policy benefits. Defendant has failed to conduct an adequate investigation of Plaintiff's claim for

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



benefits. Defendant has failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the referenced policies. Defendant failed and refused to pay under the policies although due demand was made for proceeds to be paid and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

D. Defendant misrepresented to Plaintiff that his disability was not covered under the respective policies, even though Plaintiff was fully disabled, unable to work and should have immediately begun to receive policy payments. Defendant's conduct constitutes a violation of the Texas Insurance Code Sec. 541.060(a)(1).

E. Defendant failed to make a reasonable attempt to settle Plaintiff's claim in a fair manner, although Defendant was aware of its liability to Plaintiff under the policy. Defendant's conduct constitutes a violation of Texas Insurance Code Sec. 541.060(2)(A).

F. Defendant failed to provide any reasonable explanation for its denial of Plaintiff's claims in violation of Texas Insurance Code Sec. 541.060(a)(3).

G. Defendant failed to either reject or deny Plaintiff's claims within a reasonable time in violation of Texas Insurance Code Sec. 541.060(a)(4).

H. Defendant failed to perform a reasonable investigation of Plaintiff's claims, and instead performed an outcome-oriented investigation which resulted in a biased, unfair and inequitable evaluation of Plaintiffs claims and is in violation of Texas Insurance Code Sec. 541.060(a)(7).

I. Defendant failed to timely acknowledge Plaintiffs claim, to undertake an investigation of Plaintiff's claims and to request all information reasonably necessary to investigate Plaintiff's claims in violation of Texas Insurance Code Sec. 542.055.

J. Defendant failed to accept or deny Plaintiffs claims within the statutory mandated deadline of receiving all necessary information in violation of Texas Insurance Code Sec. 542.056.

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



K. From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the claims in full in accordance with the terms of the respective policies was reasonably clear and Defendant has refused to pay Plaintiff under the terms of the respective policies despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment. Said conduct on part of Defendant constitutes a breach of the common law duty of good faith and fair dealing.

L. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the services of the attorneys who are representing Plaintiff with respect to these causes of action.

M. The acts and omissions of Defendant committed n this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of disability claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the Defendant company at the expense of policyholders such as Plaintiff.

## V. DEFENDANT'S LIABILITY

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

A. Breach of Duty of Good Faith and Fair Dealing

Defendant had a duty to act in good faith and to deal fairly with Plaintiff in connection with Plaintiff's claim for benefits under the respective disability insurance policies. Defendant failed to conduct a prompt and reasonable investigation of Plaintiff's claim and failed to pay benefits to Plaintiff when in the exercise of reasonable diligence Defendant knew or should have known that it was liable to pay Plaintiff's claims. As a proximate result of Defendant's tortuous conduct,

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



Plaintiff has sustained damages in an amount exceeding the minimal jurisdictional limits of this court.

B. Breach of Contract

The insurance policy in question issued by Defendant constitutes a written contract, the terms of which were to be fulfilled by both parties. All premiums were paid as per the terms of the contract. Under the terms of the contract and insurance policy Defendant provided insurance coverage to Plaintiff for the risk and perils contained within the policy. The subject policies specifically provided coverage that was to pay benefits in the event Plaintiff suffered a short-term and/or long-term disability. Plaintiff complied with all the duties required of Plaintiff under the contract. Defendant has breached its contractual obligations and promises made under the insurance policy by failing to provide Plaintiff with coverage claim. As a result of Defendant's breach of the contract, Plaintiff has sustained damages and has incurred attorney's fees.

C. Violation of Section 542, Texas Insurance Code

Within the timeframe required after the receipt of actual or written notice of Plaintiff's claims, Defendant did not request from Plaintiff any items, statements, or forms that it reasonably believed at the time would be required from Plaintiff. As a result, Defendant has violated Sec. 542, Texas Insurance Code by failing to accept or reject Plaintiff's claim in writing within the statutory time frame.

D. Violations of Sec. 541, Texas Insurance Code

By its acts, omissions, failures and conduct as described herein Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Sec. 541, Texas Insurance Code. Specifically, Defendant is guilty of the following unfair insurance practices:

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



a. Engaging in false, misleading, and deceptive acts or practices in the business if insurance;

b. Engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time;

f. Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the said claims;

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the for the denial of a claim.

Further, Defendant was in violation of the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

Each of the above described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

## VII. **Respondeat Superior**

Each act or omission committed by any employee or agent of Defendant was committed during the course and scope of that employee's or agent's employment with Defendant and thus Defendant is liable for said acts or omissions under the theory of *respondeat superior*.

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu



## VIII. WAIVER AND ESTOPPEL

Defendant has waived and is stopped form asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation o rights letter to Plaintiff.

## VIV. DAMAGES

Plaintiff seeks the recovery of actual damages in the amount she should have received under the policy of insurance described herein. Plaintiff further seeks the recovery of consequential damages from Defendant's breach of contract. Plaintiff is entitled to recover the amount of her claim plus an 18% per annum penalty on that claim as damages under Sec. 542, Texas Insurance Code, plus prejudgment interest and attorneys fees.

Plaintiff seeks further additional damages under Sec. 541, Texas Insurance Code.

Plaintiff seeks the recovery of Exemplary Damages in an amount to be determined by the jury.

Plaintiff seeks the recovery of attorney fees pursuant to the provisions of Chapter 38, Texas Civil Practices & Remedies Code, Sec. 541 and Sec. 542, Texas Insurance Code.

## VIII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer herein. By reason of the above and foregoing, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. Plaintiff requests the awarding of pre-judgment and post-judgment interest at the maximum rate allowed by law. Plaintiff seeks the recovery of judgment against Defendant for Plaintiff's actual damages in an amount that the jury considers fair in their best judgment, for additional damages as provided by statute, for attorney fees as provided by law, for cost of court, and for such other relief, both in law and in equity, to which Plaintiff may be entitled. Plaintiff requests exemplary and punitive damages.

Electronically Filed
3/5/2021 8:44 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0863-21-J**

RESPECTFULLY SUBMITTED,

**DAVIS LAW, P.C.**
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
Telephone (956) 540-7807
Facsimile (956) 664-2500

By: *Timothy A. Davis*
Timothy A. Davis
Texas Bar No. 00790570
timm@tdavislawpc.com

ATTORNEY FOR PLAINTIFF

**C-0863-21-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**
**REGISTERED AGENT CORPORATION SEVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 5th day of March, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-0863-21-J, **JORGE GARCIA VS. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON**

Said Petition was filed in said court by Attorney TIMOTHY AUDREY DAVIS, 1320 N 10TH ST STE 140 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 5th day of March, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

DISTRICT COURT, HIDALGO COUNTY

**JESSICA RAMOS, DEPUTY CLERK**

**C-0863-21-J**
**OFFICER'S RETURN**

Came to hand on 5th of March, 2021 at 4:00 o'clock P.m. and executed in Hidalgo County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the ______________ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| Liberty Life Assurance Comp. | | | 211 East 7th Street STE. 626 |

via Certified Mail

of Boston Registered Agent Corporation Service Company Austin, Tx

And not executed as to the defendant, ______________ the diligence used in finding said defendant, being: ______________ and the cause of failure to execute this process is: ______________ and the information received as to the whereabouts of said defendant, being: ______________. I actually and necessarily traveled _______ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $__________
miles ....................$__________

______________________

**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is Joel Guerrero, my date of birth is 10/19 and the address is P.O Box 6585 McALLEN Tx, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in Hidalgo County, State of Texas, on the _____ day of ___________, 2021.

______________________
**Declarant"**

______________________
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

EXHIBIT
A-3