**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JORGE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00125 |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant, Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life"),[1] files this Motion to Dismiss Plaintiff's Original Petition and Brief in Support.

## I. GROUNDS FOR MOTION

In the Plaintiff's Original Petition (hereafter, "Petition"), Plaintiff seeks recovery of disability benefits, along with claims of Texas Insurance Code violations, bad faith, and breach of contract.[2] These causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law.[3] Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as

---

1 The name of the entity "Liberty Life Assurance Company of Boston" has been changed to "Lincoln Life Assurance Company of Boston." Accordingly, "Lincoln Life Assurance Company of Boston" is the correct name of the Defendant in this action.

2 See Petition, ¶¶ IV.C-IV.K and V.A.-V.D.

3 Lincoln Life does not oppose the Court allowing Plaintiff to file an amended complaint that asserts a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action and jury demand.

true,[4] are insufficient to support the relief requested. Plaintiff also seeks a trial by jury,[5] which is not available under ERISA.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[6] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[7] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[8] As demonstrated below, the Petition fails to meet these requirements and must be dismissed in its entirety.

Plaintiff's Petition directly refers to the disability benefits plan documents, including the relevant policy by policy number, that govern the claim for disability benefits. True and correct copies of the Policy (Exhibit A) and the Summary Plan Description/Certificate of Coverage (Exhibit B) pertaining to the disability benefit plan sponsored by Plaintiff's employer, Charter Communications, Inc. ("Charter"), are attached hereto and incorporated herein by reference. Although Plaintiff did not attach these documents to the Petition, references are made in the Petition to the Policy and the disability plan.[9] Additionally, Plaintiff's claims are clearly predicated on the Policy and benefits plan. It is well-established that under such circumstances,

---

4 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Lincoln Life does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

5 Petition at ¶ Prayer.

6 Fed. R. Civ. P. 12(b)(6).

7 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

8 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

9 See Petition at ¶¶ IV.A., IV.C., IV.D., IV.E., IV.K., V.A, and V.B.

defendants may attach these documents to a motion to dismiss, and the Court may properly consider the documents in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see also, Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000); Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991); Cortec Industries v. Sun Holding, 949 F. 2d 42, 48 (2d Cir. 1991); Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Weiner v. Klais and Co., 108 F.3d 86 (6th Cir. 1997); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997); Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Plan Documents that the disability plan at issue is an ERISA plan.[10] Plaintiff seeks benefits from the Policy, which was issued to

---

[10] See Petition at ¶ IV.A.; Plan Documents, Exhibits "A" and "B"; Plaintiff's allegations in the Petition and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); Memorial Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990).

Charter to insure benefits from the employee life plan at issue that is governed by ERISA. Further, the only conduct of Lincoln Life about which Plaintiff complains in the Petition is Lincoln Life's denial of Plaintiff's claim for life benefits under the plan and the administration of her claim for life benefits under the plan.[11] Therefore, it is clear that the Court must refer to the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Petition, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper

---

[11] See Petition at ¶¶ IV.C.-M. and V.A.-D.

processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Petition are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn.', 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

### D. THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION

As stated above, all of Plaintiff's state law causes of action against Lincoln Life must be dismissed and repled under ERISA 29 U.S.C. § 1132(a)(1)(B). Additionally, a trial by jury is not available under ERISA. Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Borst v. Chevron Corp., 36 F.3d 1308, 1323-24 (5th Cir. 1994). Accordingly, Plaintiff's demand for a jury in this action should be stricken by the Court.

## III.
## CONCLUSION

Lincoln Life requests the Court dismiss Plaintiff's Original Petition against it with prejudice, dismiss Plaintiff's request for statutory and punitive damages, award Lincoln Life its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln Life any other relief to which it shows itself justly entitled. Should the Court not dismissed Plaintiff's claims against Lincoln Life in their entirety, Lincoln Life requests the Court dismiss with prejudice and/or strike Plaintiff's request for a jury trial, award Lincoln Life its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln Life any other relief to which it shows itself justly entitled. Or alternatively, Lincoln Life requests the Court enter an order allowing Plaintiff 14 days to file an amended complaint alleging a claim under ERISA, and deleting the prayers for statutory and punitive damages and the request for a jury trial.

Dated this 8th day of April 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timm Davis
Email: timm@tdavislawpc.com

April 8, 2021
Date

/s/ Iwana Rademaekers
Iwana Rademaekers