**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JORGE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00125 |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life"),[1] files this Answer to Plaintiff's Amended Complaint (the "Complaint") filed by Plaintiff Jorge Garcia ("Plaintiff") and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits that it is legally authorized to do business in the State of Texas. Lincoln admits that it was properly served in the removed State Court action and that it was served with the a copy of amended complaint. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that there is complete diversity as to the parties in this action and that this action is under the jurisdiction of this Court pursuant to 28 U.S.C. § 1332. Lincoln admits that Plaintiff is seeking recovery benefits in excess of $75,000.00 from the Charter Communications, Inc. Long Term Disability Plan (the "LTD Plan"), but Lincoln denies Plaintiff

---

[1] The name of the entity "Liberty Life Assurance Company of Boston" has been changed to "Lincoln Life Assurance Company of Boston." Accordingly, "Lincoln Life Assurance Company of Boston" is the correct name of the Defendant in this action.

is entitled to any such relief or recovery. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Charter Communications, Inc. ("Charter") sponsored the LTD Plan to provide long term disability benefits to certain of its employees. Lincoln admits that, at certain times, it was the insurer of benefits from the LTD Plan through the Group Disability Income Policy (the "Policy") issued to Charter by Lincoln. Lincoln admits Plaintiff was, at certain times, an employee of Charter, and was, at certain times, a participant in the LTD Plan. To the extent that the allegations contained in Paragraph 5 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. On information and belief, Lincoln admits Plaintiff received, at certain times, benefits from the Charter Communications, Inc. Short Term Disability Plan. Lincoln admits Plaintiff received, at

certain times, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it sent a letter to Plaintiff dated July 27, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits it sent a letter to Plaintiff dated September 10, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff submitted a claim for, and received, at certain times, benefits from the LTD Plan. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during

the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 10 of the Complaint.

11. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with attorney's fees and other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 26th day of April 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timm Davis
Email: timm@tdavislawpc.com

April 26, 2021 — /s/ Iwana Rademaekers

Date — Iwana Rademaekers