**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JORGE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00125 |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FRCP 26(f)**

**1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Counsel for the parties conferred via telephone on May 5, 2021. The following counsel attended the conference:


**For the Plaintiff:**
Timm Davis
State Bar of Texas No. 0070570
S.D. of Texas No. 37089
Davis Law, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
PH: (956) 664-2000
FX: (956) 664-2500
Email: timm@tdavislawpc.com

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com


**2. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff will make his initial disclosures by May 21, 2021.
Defendant served its Initial Disclosures on May 21, 2021.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None.

4. **<u>Briefly</u> describe what this case is about.**

   **Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover additional long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by his former employer Charter Communications, Inc. (the "Plan"). Through a group policy of insurance, Liberty Life funds LTD benefits payable under the Plan and provides certain claims administrative services. Liberty Life notified Plaintiff of its determination that Plaintiff did not meet the definition of "totally disabled" under the terms of the Plan, and therefore, his LTD benefits were denied. Plaintiff disputes that determination and seeks to recovery LTD benefits.

   **Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration.

5. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.**

   None at this time.

8. **List anticipated interventions.**

   None at this time.

9. **Describe class-action issues.**

   None at this time.

**10. Describe the discovery plan proposed by the parties, including:**

A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

The parties will exchange initial disclosures as requested by Rule 26(a) by May 21, 2021, and do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection M below.

C. **When and to whom the defendant anticipates it may send interrogatories.**

D. Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection M below.

E. **Of whom and by when the plaintiff anticipates taking oral depositions.**

F. Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection M below.

G. **Of whom and by when the defendant anticipates taking oral depositions.**

H. Neither party anticipates discovery, and the parties request entry of a specialized schedule, as noted in subsection M below.

I. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate response experts and provide their reports.**

J. Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection M below.

2021.

K. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection M below.

L. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Neither party anticipates designating experts, and the parties request entry of a specialized schedule, as noted in subsection M below.

M. **All other matters raised in Rule 26(f).**

Counsel for the parties suggests that given the nature of the claims, this matter may be resolved via cross-motions for judgment in accordance with a briefing schedule set by the Court. Accordingly, the parties suggest the following schedule:

Defendant shall file the administrative record on or before July 12, 2021.

The parties shall each file an opening brief on or before August 16, 2021.

The parties shall each file a response brief on or before September 13, 2021.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Not applicable.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.**

The parties have discussed settlement offers and negotiations are ongoing.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

See response to paragraph 14.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful. The Parties believe mediation will be most effective after the completion of discovery and prior to the dispositive motion deadline.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not consent to a trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

No jury demand was made.

**19. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that the case will be submitted to the Court on cross-motions for judgment, as set forth in paragraph 10(M).

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other pending motions.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed the Disclosure on or about April 12, 2021. Defendant filed the Disclosure on or about April 2, 2021.

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For the Plaintiff:**
Timm Davis
State Bar of Texas No. 0070570
S.D. of Texas No. 37089
Davis Law, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
PH: (956) 664-2000
FX: (956) 664-2500
Email: timm@tdavislawpc.com

**For the Defendant**
Iwana Rademaekers, Attorney in Charge

State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Dated: May 7, 2021

Respectfully submitted,

By: /s/ Timm Davis (w/permission)

Timm Davis
State Bar of Texas No. 0070570
S.D. of Texas No. 37089
Davis Law, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
PH: (956) 540-7807
FX: (956) 664-2500
Email: timm@tdavislawpc.com

ATTORNEYS FOR PLAINTIFF

- AND -

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Timm Davis
timm@tdavislawpc.com

/ s/ Iwana Rademaekers
Iwana Rademaekers